**12M572**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION FOR
A SEARCH WARRANT FOR:

THE PREMISES KNOWN AND DESCRIBED AS
TOSHIBA SATELLITE LAPTOP P745-S4320
COMPUTER, SERIAL NUMBER 9B182977K

AFFIDAVIT IN SUPPORT OF
APPLICATION FOR A SEARCH
WARRANT

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

  Tamika Comrie, being duly sworn, deposes and states that she is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

  Upon information and belief, there is probable cause to believe that there is located in THE PREMISES KNOWN AND DESCRIBED AS TOSHIBA SATELLITE LAPTOP P745-S4320, SERIAL NUMBER 9B182977K (the "PREMISES"), the items described in Attachment B, all of which constitute evidence, fruits and instrumentalities of importation of cocaine and possession of cocaine with the intent to distribute it, in violation of Title 21, United States Code, Sections 952(a) and 841(a)(1).

  The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because this affidavit is submitted for the limited purpose of establishing probable cause for a search warrant, I

1

1.  I have been a Special Agent with HSI for approximately 1 year. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for importation and possession of narcotics including cocaine. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

2.  I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a) my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, and (c) review of other records and reports.

3.  HSI is investigating the unlawful importation of cocaine into the United States and possession of cocaine with the intent to distribute it by Eduardo Delgado ("Delgado") on or about March 16, 2012.

I.  **THE INVESTIGATION**

4.  On or about March 16, 2012, within the Eastern District of New York, Delgado arrived at the John F. Kennedy

---

have not set forth each and every fact learned during the course of the investigation.

2

International Airport ("JFK Airport") in Queens, New York, aboard Avianca Airlines Flight No. 20, which originally departed from Bogota, Columbia. Delgado embarked on that flight from Lima, Peru.

5. Delgado was selected for a Customs and Border Protection ("CBP") examination. Delgado presented for inspection three bags, including one black bag with "The Hundreds" brand name. Delgado claimed ownership of the three bags and their contents.

6. During an inspection of "The Hundreds" bag, a CBP officer observed three white plate-like objects. The plates were probed, and were found to contain a white powdery substance, which field-tested positive for cocaine.

7. The plates and white powdery substance were transported to the Drug Enforcement Administration Northeast Laboratory for analysis. A forensic chemist analyzed the white powdery substance and determined that it was cocaine hydrochloride, with a net weight of 291.2 grams and a purity level of 89.3 percent.

8. Delgado was then placed under arrest. At the time of his arrest, he had among his possessions, a TOSHIBA SATELLITE LAPTOP P745-S4320, SERIAL NUMBER 9B182977K, in a backpack. The PREMISES was seized and remains in CBP custody in the Eastern District of New York.

3

9. Based upon my knowledge, training, and experience, I know that those who import, distribute, and possess with intent to distribute narcotics often use computers to make travel arrangements via the Internet related to the narcotics importation; communicate electronically (sometimes via computer) with others involved in the narcotics importation and distribution; save itineraries, plans, contact information, and directions on computers; maintain photographs and recordings of their criminal associates, controlled substances and assets; and maintain electronic ledgers of narcotics and/or money. Moreover, this portable computer was among Delgado's possessions when he arrived at JFK Airport on March 16, 2012, carrying the plates containing cocaine. This indicates that the computer was in current use, and, in the opinion of your deponent, continues to contain the types of information described above. Based on the above-described facts, I submit that there is probable cause to believe that the PREMISES contains evidence of Delgado's violations of Title 21, United States Code, Sections 952(a) and 841(a)(1).

II. SEARCH METHODOLOGY

10. The search procedure of electronic data contained in computer hardware, computer software, and/or memory storage devices may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

4

      a.    examination of all of the data contained in such computer hardware, computer software, and/or memory storage devices to view the data and determine whether that data falls within the items to be seized as set forth herein;

      b.    searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

      c.    surveying various file directories and the individual files they contain;

      d.    opening files in order to determine their contents;

      e.    scanning storage areas;

      f.    performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment B; and/or

      g.    performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B.

11. I further submit that there is probable cause to believe that the evidence detailed above will be stored on the PREMISES, for at least the following reasons:

    a. Computer storage media - in particular, computers' internal hard drives - contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    b. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

## VI. CONCLUSION

12. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that the PREMISES contains evidence as further described in Attachment B, all of which constitutes evidence of fruits and instrumentalities of violations of Title 21, United States Code,

6

Sections 952(a) and 841(a)(1). Accordingly, a search warrant is requested.

   13. WHEREFORE, your deponent respectfully requests that the requested search warrant be issued for THE PREMISES KNOWN AND DESCRIBED AS TOSHIBA SATELLITE LAPTOP P745-S4320, SERIAL NUMBER 9B182977K.

            Tamika Comrie
            Special Agent, HSI

Sworn to before me this
14th day of June, 2012

THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

## ATTACHMENT A
### Property to Be Searched

The property to be searched is THE PREMISES KNOWN AND DESCRIBED AS TOSHIBA SATELLITE LAPTOP P745-S4320, SERIAL NUMBER 9B182977K.

**ATTACHMENT B**
Particular Things to be Seized

All records and other stored information in whatever form kept, constituting evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 952(a) and 841(a)(1), in the PREMISES:

a. lists of customers and related identifying information;

b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

c. any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

d. any information recording Eduardo Delgado's schedule or travel to or from Peru;

e. all bank records, checks, credit card bills, account information, and other financial records;

f. evidence of the times the PREMISES was used;

g. Records and items evidencing the use of the Internet to make travel arrangements for purposes of importing cocaine, or evidencing the use of the Internet to communicate regarding the importation of cocaine, including:

   1. records of Internet Protocol addresses used;

   2. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

h. any and all stored e-mail, text messages, "chat," or instant messages sent or received by the user(s) of the PREMISES;

i. any and all video or sound files created or maintained by the user(s) of the PREMISES;

all of which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 952(a) and 841(a)(1).